IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES EDWARD WILLIAMS, | ) | No. C 12-5687 RMW(PR) |
| Plaintiff, | ) | ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| v. | ) | |
| DR. R. MACK, | ) | |
| Defendant. | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court orders service upon defendant.

## DISCUSSION

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Plaintiff alleges that Dr. Mack, plaintiff's primary care physician, was deliberately indifferent to his serious medical needs by failing to prescribe effective pain medication. Very liberally construed, plaintiff has alleged a cognizable claim that Dr. Mack violated his Eighth Amendment right against deliberate indifference.

C.   Motion for Preliminary Injunction

Plaintiff requests the court to issue a preliminary injunction to stop Dr. Mack from prescribing methadone. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction. Prior to granting a preliminary injunction, however, notice to the adverse party is required. See Fed. R. Civ. P. 65(a)(1). Because Dr. Mack has not yet been served, a motion for preliminary injunction is denied. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1.   Plaintiff's motion for a preliminary injunction is DENIED. (Docket No. 1.)

2.   The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 6), and a copy of this order to **Dr. R. Mack** at **Salinas Valley State Prison**. The clerk shall also serve a copy of this order on plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

3.   Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fails to do so, he will be required to bear the

1 cost of such service unless good cause is shown for his failure to sign and return the waiver
2 form. If service is waived, this action will proceed as if defendant had been served on the date
3 that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be required
4 to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
5 was sent. (This allows a longer time to respond than would be required if formal service of
6 summons is necessary.) Defendant is asked to read the statement set forth at the bottom of the
7 waiver form that more completely describes the duties of the parties with regard to waiver of
8 service of the summons. If service is waived after the date provided in the Notice but before
9 defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on
10 which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,
11 whichever is later.

12     4. No later than **ninety (90) days** from the date of this order, defendant shall file a
13 motion for summary judgment or other dispositive motion with respect to the cognizable claim
14 in the complaint.

15         a. If defendant elects to file a motion to dismiss on the grounds that plaintiff
16 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
17 defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315
18 F.3d 1108, 1119-20 (9th Cir. 2003).

19         b. Any motion for summary judgment shall be supported by adequate factual
20 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
21 Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified**
22 **immunity found, if material facts are in dispute. If defendant is of the opinion that this**
23 **case cannot be resolved by summary judgment, he shall so inform the court prior to the**
24 **date the summary judgment motion is due.**

25     5. Plaintiff's opposition to the dispositive motion shall be filed with the court and
26 served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is
27 filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex
28 Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come

1  forward with evidence showing triable issues of material fact on every essential element of his
2  claim).
3        6.     Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's
4  opposition is filed.
5        7.     The motion shall be deemed submitted as of the date the reply brief is due. No
6  hearing will be held on the motion unless the court so orders at a later date.
7        8.     All communications by the plaintiff with the court must be served on defendant or
8  defendant's counsel, by mailing a true copy of the document to defendant or defendant's
9  counsel.
10       8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
11 No further court order is required before the parties may conduct discovery.
12       9.     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
13 and all parties informed of any change of address and must comply with the court's orders in a
14 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
15 pursuant to Federal Rule of Civil Procedure 41(b).
16      IT IS SO ORDERED.
17 DATED: _____

_Ronald M. Whyte_
RONALD M. WHYTE
18 United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WILLIAM et al,<br><br>         Plaintiff,<br><br>   v.<br><br>DR. MACK, ET AL. et al,<br><br>         Defendant. / | Case Number: CV12-05687 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 27, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


James Edward Williams V-54214
Kern Valley State Prison
D-1-222
P.O. Box 5104
Delano, CA 93216

Dated: March 27, 2013

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk