IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. R. MACK,<br><br>    Defendant. | No. C 12-5687 RMW (PR)<br><br>ORDER DENYING REQUEST FOR COURT ORDER; DENYING SECOND MOTION TO DISMISS WITHOUT PREJUDICE<br><br>(Docket Nos. 24, 26, 34) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The court ordered service upon defendant.

Plaintiff seeks a court order demanding a declaration from three witnesses. Plaintiff asserts that each witness informed plaintiff that they would submit a statement on plaintiff's behalf to support plaintiff's case. Plaintiff does not need assistance or permission from the court to obtain these statements. Subject to certain requirements, a pro se plaintiff proceeding in forma pauperis is entitled to issuance of a subpoena to depose a nonparty, Fed. R. Civ. P. 45. Moreover, there are procedures for a party to depose a witness via written questions. Such a deposition must be conducted in compliance with Rule 31 of the Federal Rules of Civil Procedure. Among other things, unless the parties stipulate otherwise, the party noticing the deposition is required to provide the questions to an "officer," as that term is defined in Rule 28(a), who will take the deponent's responses to the questions, certify them, and send them to

1  the noticing party.  Fed. R. Civ. P. 31(b); Fed. R. Civ. P. 30(b)(5).  In light of these avenues
2  plaintiff could take, plaintiff's request for the court to order such declarations is DENIED.
3        Defendant has filed a second motion to dismiss for failure to exhaust.  Under Albino v.
4  Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc), in the rare event that a failure to exhaust is clear
5  on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6).  Id. at
6  1169.  Otherwise, a defendant must produce evidence proving failure to exhaust in a motion for
7  summary judgment under Rule 56.  Id.  Defendant must present probative evidence that there
8  was an available administrative remedy and that the prisoner did not exhaust that available
9  administrative remedy.  Id.  Out of an abundance of caution, as a matter of clarity, and to ensure
10 that plaintiff understands the difference between a Rule 12(b) motion and a motion for summary
11 judgment, defendant's motion to dismiss plaintiff's instant prisoner action under the
12 unenumerated portion of Rule 12(b) for failure to exhaust available administrative remedies is
13 DENIED.  The denial is without prejudice to defendant renewing his failure to exhaust defense
14 in a motion for summary judgment, if appropriate.
15       In order to expedite these proceedings, defendant must serve and file a motion for
16 summary judgment (whether or not they choose to raise a failure to exhaust defense) within 30
17 days of this order.  Plaintiff must serve and file an opposition or statement of non-opposition to
18 the motion not more than 28 days after the motion is served and filed, and defendant must serve
19 and file a reply to an opposition not more than 14 days after the opposition is served and filed.
20       IT IS SO ORDERED.
21 DATED: _____

RONALD M. WHYTE
22 United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES EDWARD WILLIAM, et al,

        Plaintiff,

  v.

DR. MACK, et al.,

        Defendant.

Case Number: CV12-05687 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 1, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Edward Williams V-54214
Kern Valley State Prison
D-1-222
P.O. Box 5104
Delano, CA 93216

Dated: October 1, 2014

                                  Richard W. Wieking, Clerk
                                  By: Jackie Lynn Garcia, Deputy Clerk