IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES EDWARD WILLIAMS, | ) | No. C 12-5687 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; FURTHER BRIEFING |
| v. | ) ) ) | |
| DR. R. MACK, | ) ) | (Docket No. 38) |
| Defendant. | ) ) | |

Plaintiff, a California state prisoner proceeding pro se, brought the instant civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendant was deliberately indifferent to plaintiff's serious medical needs. Finding that the complaint, liberally construed, stated a cognizable claim, the court ordered service upon defendant. Defendant has moved for summary judgment based on a failure to exhaust. Although given an opportunity, plaintiff has not filed an opposition. For the reasons stated below, and after a review of the record, the court DENIES defendant's motion for summary judgment.

### BACKGROUND[1]

Plaintiff, a prisoner at Salinas Valley State Prison, was approved for a morphine SR (sustained release) prescription. Defendant, plaintiff's primary care physician, changed

---

[1] The following facts are taken in the light most favorable to plaintiff and are undisputed unless otherwise indicated.

Order Denying Defendant's Motion for Summary Judgment; Further Briefing
P:\PRO-SE\RMW\CR.12\Williams687msjexh.wpd

1  plaintiff's morphine SR prescription to morphine IR (instant release) after plaintiff complained
2  that the morphine SR was no longer relieving plaintiff's pain.  However, plaintiff alleges that the
3  morphine IR is a "lower" pain medication and was more ineffective than morphine SR.
4  Defendant then prescribed methadone for plaintiff, but plaintiff suffered an allergic reaction to it.
5  After several nurses and plaintiff informed defendant that plaintiff was allergic to methadone,
6  defendant re-prescribed morphine IR for plaintiff.  Plaintiff complained again that the morphine
7  IR was ineffective, and defendant re-prescribed methadone even though he knew that plaintiff
8  was allergic to it.  Plaintiff alleges that defendant alternated placing him on morphine IR and
9  methadone two more times despite plaintiff's repeated statements to him that the morphine IR
10 was ineffective and the methadone caused an allergic reaction.

## DISCUSSION

**A.    Standard of Review**

The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (a fact is material if it might affect the outcome of the suit under governing law, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Generally, when defendants move for summary judgment on an affirmative defense on which they bear the burden of proof at trial, they must come forward with evidence which would entitle them to a directed verdict if the evidence went uncontroverted at trial.  See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992).  The failure to exhaust administrative remedies is an affirmative defense that must now be raised in a motion for summary judgment.  See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).  On a motion for summary judgment for non-exhaustion, the defendants have the initial burden to prove "that there was an available

1 administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172.
2 If defendants carry that burden, the prisoner has the burden of production. "That is, the burden
3 shifts to the prisoner to come forward with evidence showing that there is something in his
4 particular case that made the existing and generally available administrative remedies effectively
5 unavailable to him." Id. The ultimate burden of proof remains with defendants, however. Id.
6 "If material facts are disputed, summary judgment should be denied, and the district judge rather
7 than a jury should determine the facts." Id. at 1166.

8       The court's function on a summary judgment motion is not to make credibility
9 determinations or weigh conflicting evidence on a disputed material fact. See T.W. Elec. Serv.
10 Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be
11 viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from
12 the facts must be viewed in a light most favorable to the nonmoving party. See id. at 631.

13 **B.**     **Analysis**
14       "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983],
15 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility
16 until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
17 Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S.
18 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet
19 federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even
20 when the prisoner seeks relief not available in grievance proceedings, notably money damages,
21 exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).

22       In the State of California, inmates and parolees have the right to appeal administratively
23 "any policy, decision, action, condition, or omission by the department or its staff that the inmate
24 or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or
25 welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative
26 remedies within this system, a prisoner must proceed through three formal levels of appeal and
27 receive a decision from the Secretary of the California Department of Corrections and
28

Rehabilitation or his designee. Id. § 3084.1(b), § 3084.7(d)(3); see Woodford v. Ngo, 548 U.S. 81, 85-86 (2006).

Defendant argues that plaintiff has failed to exhaust his claims against them before plaintiff filed the underlying complaint. Defendant points out that in plaintiff's complaint, plaintiff indicated that he filed a grievance, log number SVSP HC 11045626, complaining about the underlying allegations. At the first formal level of appeal, plaintiff's grievance was partially granted, and plaintiff was approved for pain medication and a treatment plan on November 3, 2011. (Compl. at 2.) Defendant now argues that plaintiff did not appeal the partial grant of his grievance up through the third level of review, and therefore, plaintiff has failed to exhaust his administrative remedies.

However, "An inmate has no obligation to appeal from a grant of relief, *or a partial grant that satisfies him*, in order to exhaust his administrative remedies." Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir. 2010) (emphasis added). In Harvey, the prisoner filed a grievance, requesting a timely hearing on his disciplinary charge, and he received a decision granting him relief. See id. at 684-85. Five months later, having still received no hearing, the prisoner filed an appeal at the second level of review, which was rejected as untimely. See id. at 685. The Ninth Circuit concluded that the prisoner had indeed exhausted his claim, reasoning, "Once the prison officials purported to grant relief with which he was satisfied, his exhaustion obligation ended. His complaint had been resolved, or so he was led to believe, and he was not required to appeal the favorable decision." Id. The court also explained, "Nor is it the prisoner's responsibility to ensure that prison officials actually provide the relief that they have promised. See Abney v. McGinnis, 380 F.3d 663, 669 (2d Cir. 2004) ("A prisoner who has not received promised relief is not required to file a new grievance where doing so may result in a never-ending cycle of exhaustion.")." Id.

Similarly here, plaintiff received the relief he requested. In SVSP HC 11045626, plaintiff complained about having his morphine discontinued, not receiving proper pain medication, and being denied medical treatment. (Docket No. 1-1 at 16-17.) He requested a

treatment plan and pain medication to alleviate his pain.  At the first level of review, the reviewer noted that plaintiff was mistakenly discontinued from morphine, and granted plaintiff's request to be re-evaluated by his primary care physician to obtain pain medication and receive a medical treatment plan.  (Id. at 18.)  Based on plaintiff's action requested, and the prison officials' response thereto, plaintiff received the relief he requested.  In light of Harvey, plaintiff was not required to appeal from the partial grant of relief that satisfied him in order to exhaust his administrative remedies.  See Harvey, 605 F.3d at 685.

Thus, the motion for summary judgment is DENIED.  Defendant is directed to file a motion for summary judgment on the merits, or notice that he believes no such motion is warranted.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Defendant's motion for summary judgment is DENIED.

2. No later than **sixty (60) days** from the date of this order, defendant shall file a final motion for summary judgment with respect to the cognizable claim in the complaint.

3. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

1   5. Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's
2   opposition is filed.
3   6. The motion shall be deemed submitted as of the date the reply brief is due. No
4   hearing will be held on the motion unless the court so orders at a later date.
5   7. All communications by the plaintiff with the court must be served on defendant's
6   counsel, by mailing a true copy of the document to defendant's counsel.
7   8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
8   No further court order is required before the parties may conduct discovery.
9   9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
10  and all parties informed of any change of address and must comply with the court's orders in a
11  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
12  pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  Î D I C T Í

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. R. MACK,<br><br>    Defendant. | Case No. 12-cv-05687-RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 30, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Edward Williams ID: V-54214
Kern Valley State Prison D-1-222
P.O. Box 5104
Delano, CA 93216

Dated: June 30, 2015

Richard W. Wieking
Clerk, United States District Court

By:_____
Jackie Lynn Garcia, Deputy Clerk to the
Honorable RONALD M. WHYTE